UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff | |
| v. | No. |
| JOEL BRONSTEIN AND DEARBORN TRADING, INC. , Defendant, | Judge |

# COMPLAINT

The United States of America, for and on behalf of its agency the United States Commodity Futures Trading Commission ("CFTC"), by Gary S. Shapiro, United States Attorney for the Northern District of Illinois, for its cause of action alleges:

## PARTIES

1. The plaintiff is the United States of America.

2. The defendant, Dearborn Trading, Inc., was a corporation organized under the laws of Illinois from October 1, 1992 to March 12, 2010 and had its principal place of business in Chicago, Illinois within the Northern District of Illinois.

3. The defendant, Joel Bronstein is the sole owner of Dearborn Trading, Inc. He resides in Cook County, IL.

## JURISDICTION AND VENUE

4. This is a collection action brought to recover a civil monetary penalty owed by the defendants to the CFTC. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1345 and venue is proper pursuant to 28 U.S.C. § 1391.

1

## **CIVIL MONETARY PENALTY**

4. On or about August 25, 2011, the CFTC found Joel Bronstein and Dearborn Trading, Inc. jointly and severally liable for a violation of CFTC Regulation 4.22(c), 17 C.F.R. § 4.22(c) (2009). The CFTC imposed a civil monetary penalty and also imposed non-monetary sanctions, including a cease and desist from violating Regulation 4.22(c), 17 C.F.R. § 4.22(c)(2009). A true and correct copy of the Order Institution Proceedings Pursuant to Sections 6(c) and 6(d), of the Commodity Exchange Act, as Amended, Making Findings and Imposing Remedial Sanctions ("Order") is attached as Exhibit A.

6. The Order provided that the civil monetary penalty was due within ten days of the date of the entry of the Order and that if it was not paid in full, then post-judgment interest would accrue.

7. On November 21, 2011, CFTC sent the defendants a notice of claim for monetary sanctions ("Notice"). The Notice advised the defendants that if it failed to remit payment promptly, CFTC would be required to assess the defendants additional charges for interest at the rate of .11% per annum. A true and correct copy of the notice is attached hereto as Exhibit B.

8. Despite having been served with a demand for payment of the penalties, the defendants have failed to pay the civil monetary penalty in the amount of $180,000 plus accrued interest. As of July 2, 2012, the defendants were indebted to the United States in the total amount of $180,163.35, which includes the principal amount of $180,000.00, interest (through July 2, 2012) of $163.35. See Certificate of Indebtedness attached hereto as Exhibit C and incorporated herein by this reference.

11. Pursuant to 7 U.S.C. § 9a, the CFTC referred this matter to the Attorney General of the United States, who may recover the penalty by filing an action in the appropriate United States District Court.

WHEREFORE, the United States demands judgment against the defendants as follows:

a. in the amount of $ $180,163.35, which includes the principal amount of $180,000.00, interest (through July 2, 2012) of $163.35;

b. interest to continue to accrue at the rate of .11% per annum until the date of judgment;

c. interest from the date of judgment at the statutory rate pursuant to 28 U.S.C. §1961 until paid in full;

d. costs of suit, including but not limited to, a filing fee of $400.00, as authorized by 28 U.S.C. § 1914(a), and

e. for such other proper relief as this court may deem just.

Respectfully submitted,

GARY S. SHAPIRO
United States Attorney

By: s/ Elizabeth A. Wilson
   ELIZABETH A. WILSON
   Assistant United States Attorney
   219 South Dearborn Street
   Chicago, Illinois 60604
   (312) 353-5331
   elizabeth.wilson2@usdoj.gov

3

ATTACHMENT A

Received
C.F.T.C.

2011 AUG 25 AM 10: 09

Office of
Proceedings
Proceedings Clerk

UNITED STATES OF AMERICA
Before the
COMMODITY FUTURES TRADING COMMISSION

In the Matter of:

Dearborn Trading, Inc., and
Joel Bronstein,

          Respondents.

)
)
)
)
)
)
)
)
)

CFTC Docket No 11-19

ORDER INSTITUTING PROCEEDINGS
PURSUANT TO SECTIONS 6(c) and 6(d),
OF THE COMMODITY EXCHANGE ACT,
AS AMENDED, MAKING FINDINGS
AND IMPOSING REMEDIAL
SANCTIONS

I.

The Commodity Futures Trading Commission ("Commission") has reason to believe that Joel Bronstein ("Bronstein") and Dearborn Trading, Inc. ("Dearborn") (collectively, "Respondents") violated Commission Regulation ("Regulation") 4.22(c), 17 C.F.R. § 4.22(c) (2009). Accordingly, the Commission deems it appropriate and in the public interest that public administrative proceedings be, and hereby are, instituted to determine whether Respondents engaged in the violations set forth herein and to determine whether any order should be issued imposing remedial sanctions.

II.

In anticipation of the institution of an administrative proceeding, Respondents have submitted an Offer of Settlement ("Offer"), which the Commission has determined to accept. Without admitting or denying any of the findings and conclusions herein, Respondents acknowledge service of this Order Instituting Proceedings Pursuant to Sections 6(c) and 6(d) of the Commodity Exchange Act, as Amended, and Making Findings and Imposing Remedial Sanctions ("Order").[1]

---

[1] Respondents consent to the use of these findings in this proceeding and in any other proceeding brought by the Commission or to which the Commission is a party; provided, however, that Respondents do not consent to the use of the Offer, or the findings in this Order consented to in the Offer, as the sole basis for any other proceeding brought by the Commission, other than a proceeding in bankruptcy or to enforce the terms of this Order. Respondents also do not consent to the use of the Offer or this Order, or the findings consented to in the Offer or this Order, by any other party in any other proceeding.

Exhibit A

III.

The Commission finds the following:

A. <u>Summary</u>

From about January 2009 until approximately June 2009 (the "relevant period"), Dearborn was operating a commodity pool, Dearborn Trading Fund, LLC ("the pool"). The pool ceased operation on or about June 30, 2009 and Respondents failed to file the pool's closing Annual Report (the "liquidation statement") within 90 calendar days after the pool ceased trading, in violation of Regulation 4.22(c), 17 C.F.R. § 4.22(c) (2009).

B. <u>Respondents</u>

**Dearborn Trading, Inc.** is a registered commodity pool operator ("CPO") and commodity trading advisor ("CTA"), located in Chicago, Illinois. Dearborn was incorporated under the laws of Illinois from October 1, 1992 until March 12, 2010.

**Joel Bronstein** is the sole owner of Dearborn, and is a registered Associated Person ("AP") and listed Principal of Dearborn. He is a resident of Chicago, Illinois.

C. <u>Facts</u>

During the relevant period, the pool's fiscal year ended on December 31. The pool ceased trading on or about June 30, 2009.

On April 15, 2009, the National Futures Association ("NFA") was told by Respondents that the pool had closed and was in the process of returning customer funds. However, the pool's financial statements indicate that the pool continued trading until approximately June 30, 2009. Between April 15, 2009 and June 4, 2009, the NFA contacted or attempted to contact Bronstein on six separate occasions to inquire about the status of the pool and when the pool's liquidation statement would be filed. From June 4, 2009 through June 23, 2010, the NFA made eighteen additional contacts or attempted contacts with Respondents in continued efforts to ascertain the filing status of the pool's liquidation statement. In or around July 15, 2009, Respondents distributed the remaining funds to the pool participants. Respondents never filed the liquidation statement.

D. <u>Legal Discussion</u>

Regulation 4.22(c), 17 C.F.R. § 4.22(c) (2009), requires that each CPO registered or required to be registered under the Commodity Exchange Act ("Act") must distribute an annual report to each participant in each pool that it operates, and must electronically submit a copy of the report and key financial balances from the report to the NFA pursuant to the electronic filing procedures of the NFA, within 90 calendar days after the end of the pool's fiscal year or the permanent cessation of trading, whichever is earlier, but in no event longer than 90 days after funds are returned to pool participants. After the pool ceased trading on or about June 30, 2009, and the pool participant funds were all distributed by the end of July 2009, Respondents failed to

2

file the pool's liquidation statement with the NFA. Thereby, Dearborn violated Regulation 4.22(c), 17 C.F.R. § 4.22(c) (2009), by failing to file the pool's liquidation statement within 90 days after the cessation of trading.

Bronstein, as Dearborn's owner and principal, controlled Dearborn and did not act in good faith or knowingly induced, directly or indirectly, the acts constituting Dearborn's violation of the Regulations, as discussed above. Consequently, pursuant to Section 13(b) of the Act, 7 U.S.C. § 13c(b) (2006), Bronstein is liable for Dearborn's violation of Regulation 4.22(c), 17 C.F.R. § 4.22(c) (2009), to the same extent as Dearborn.

## IV.

## FINDINGS OF VIOLATIONS

Based on the foregoing, the Commission finds that Dearborn and Bronstein violated Regulation 4.22(c), 17 C.F.R. § 4.22(c) (2009).

## V.

## OFFER OF SETTLEMENT

Respondents have submitted the Offer in which they, without admitting or denying the findings herein:

A. Acknowledge receipt of service of this Order;

B. Admit the jurisdiction of the Commission with respect to all matters set forth in this Order;

C. Waive: the filing and service of a complaint and notice of hearing; a hearing; all post-hearing procedures; judicial review by any court; any and all objections to the participation by any member of the Commission's staff in the Commission's consideration of the Offer; any and all claims that it may possess under the Equal Access to Justice Act, 5 U.S.C. § 504 (2006) and 28 U.S.C. § 2412 (2006), and/or Part 148 of the Regulations, 17 C.F.R. §§ 148.1, et seq. (2011), relating to, or arising from, this proceeding; any and all claims that they may possess under the Small Business Regulatory Enforcement Fairness Act of 2006, Pub. L. No. 104-121 §§ 201-253, 110 Stat. 847, 857-868 (1996), as amended by Pub. L. No. 110-28, § 8302, 121 Stat. 112, 204-205 (2007), relating to, or arising from, this proceeding; and any claim of double jeopardy based upon the institution of this proceeding or the entry in this proceeding of any order imposing a civil monetary penalty or any other relief;

D. Stipulate that the record upon which this Order is entered shall consist solely of the findings contained in this Order to which the Respondents have consented; and

E. Consent, solely on the basis of the Offer, to entry of this Order that:

1. makes findings by the Commission that Dearborn and Bronstein violated Regulation 4.22(c), 17 C.F.R. § 4.22(c) (2009);

2. orders Respondents to cease and desist from violating Regulation 4.22(c), 17 C.F.R. § 4.22(c) (2009);

3. orders Respondents to pay, jointly and severally, a civil monetary penalty in the amount of one hundred eighty thousand dollars ($180,000) within ten (10) days of the date of the entry of this Order; and

4. orders that Respondents file the pool's liquidation statement with the NFA, pursuant to the requirements of the Regulations, within 30 days of the entry of this Order.

5. orders Respondents to comply with the undertakings consented to in the Offer and set forth below in Section VI of this Order.

Upon consideration, the Commission has determined to accept Respondents' Offer.

## VI.

**Accordingly, IT IS HEREBY ORDERED THAT:**

1. Respondents shall cease and desist from violating Regulation 4.22(c), 17 C.F.R. § 4.22(c) (2009).

2. Respondents jointly and severally shall pay a civil monetary penalty in the amount of $180,000 within ten (10) days of the date of the entry of this Order. If this civil monetary penalty is not paid within ten (10) days of the date of the entry of this Order, then post-judgment interest shall accrue commencing on the date of entry of this Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Order pursuant to 28 U.S.C. § 1961. Respondents shall pay their civil monetary penalty by making electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order. If payment is to be made by other than electronic funds transfer, the payment shall be made payable to the Commodity Futures Trading Commission and sent to the address below:

> Commodity Futures Trading Commission
> Division of Enforcement
> ATTN: Accounts Receivables --- AMZ 340
> E-mail Box: 9-AMC-AMZ-AR-CFTC
> DOT/FAA/MMAC
> 6500 S. MacArthur Blvd.
> Oklahoma City, OK 73169
> Telephone: (405) 954-5644

4

If payment by electronic transfer is chosen, Respondents shall contact Linda Zurhorst or her successor at the above address to receive payment instructions and shall fully comply with those instructions. Respondents shall accompany payment of the civil penalty with a cover letter that identifies Respondents and the name and docket number of this proceeding. Respondents shall simultaneously submit copies of the cover letter and the form of payment to: (1) the Director, Division of Enforcement, Commodity Futures Trading Commission, at the following address: 1155 21st Street, N.W., Washington, D.C. 20581; and (2) the Chief, Office of Cooperative Enforcement, Division of Enforcement, Commodity Futures Trading Commission at the same address.

3. Respondents shall file the pool's liquidation statement with the NFA, pursuant to the requirements of the Regulations, within 30 days of the entry of this Order.

4. Respondents and their successors and assigns shall comply with the following conditions and undertakings as specified:

   **Actions or Public Statements**

   Respondents agree that neither they nor any of their successors or assigns, nor any of their agents or employees under their authority or control shall take any action or make any public statement denying, directly or indirectly, any finding or conclusion in this Order, or creating, or tending to create, the impression that this Order is without a factual basis; provided, however, that nothing in this provision shall affect Respondents': (i) testimonial obligations; or (ii) right to take legal positions in other proceedings to which the Commission is not a party. Respondents and their successors and assigns shall undertake all steps necessary to ensure that all of their agents and/or employees under their authority or control understand and comply with this undertaking.

5. Respondents agree that this Order shall inure to the benefit and be binding on successors, assigns, beneficiaries and administrators of Respondents.

The provisions of this Order shall be effective as of this date.

By the Commission.

*[signature]*
David A. Stawick
Secretary of the Commission
Commodity Futures Trading Commission

Dated: \_\_\_\_August 25\_\_\_, 2011

5

ATTACHMENT B



**U.S. COMMODITY FUTURES TRADING COMMISSION**
DOT/FAA/MMAC
6500 S. MacArthur Blvd, Oklahoma City, OK 73169
Telephone: (405) 954-6569
Facsimile: (405) 954-1620

Office of Financial
Management

November 21, 2011

CERTIFIED MAIL

Dearborn Trading Inc. and
 Joel Bronstein
1434 N. Dearborn
Chicago, IL 60610

Customer Number – CFTC-11-19

RE: **NOTICE OF CLAIM FOR MONETARY SANCTIONS**, assessed in Commodity Futures Trading Commission vs. Dearborn Trading Inc. and Joel Bronstein, CFTC Docket No. 11-19

Dear Mr. Bronstein:

Commission records indicate that payment has not been received as directed in an order issued by the Commodity Futures Trading Commission. Payment of the Civil Monetary Sanctions owed by you is due immediately. You owe the following amount:

a) **Civil Monetary Penalty in the amount of $180,125.97** (consisting of $180,000 in principal plus post-judgment interest as of November 8, 2011 of $125.97).

Your payment should be sent by electronic funds transfer to the account of the Commodity Futures Trading Commission at the United States Treasury, or by U.S. postal money order, certified check, bank cashier's check or money order, made payable to the Commodity Futures Trading Commission. If payment by electronic transfer is chosen, contact Linda Zurhorst at 405-954-5644; otherwise, send payment to the address below:

Commodity Futures Trading Commission
Division of Enforcement
ATTN: Accounts Receivables --- AMZ-340
E-mail Box: 9-AMC-AMZ-AR-CFTC
DOT/FAA/MMAC
6500 S. Macarthur Blvd.
Oklahoma City, OK 73169

**Exhibit B**

Page 2

Please send a copy or proof of any civil monetary penalty payment made to the following address:

> Commodity Futures Trading Commission
> Director to Division of Enforcement
> Three Lafayette Centre
> 1155 21st Street, NW
> Washington, DC 20581

Interest will continue to accrue at a rate of 0.11 percent, compounded annually, until the debt is paid in full. *See* 28 U.S.C. § 1961.

If you fail to pay the debt, the Commission will submit the entire debt to the Treasury's Crossing-Servicing Program, which includes the Treasury Offset Program (TOP). Once the debt is submitted to TOP, the U.S. Department of Treasury will reduce or withhold any of your eligible Federal payments by the amount of the debt. The Debt Collection Act of 1982 and the Debt Collection Improvement Act of 1996 authorize this process known as "offset." Federal payments eligible for offset include any federal payment of military and civilian salary and retirement pay, contractor payments, grant payments, benefit payments, class action suit awards, tax refunds and other Federal payments, including certain loans that are not exempt from offset. The debt will increase further to cover any fees charged as a result of offset.

Other collection actions may include:

- administrative wage garnishment, a process whereby a portion of your wages will be withheld for payment of the debt;

- disclosure of the delinquent debt to a consumer reporting agency any time after sixty days from the date of the first notification, by providing, among other things, (a) your name, address, and taxpayer identification number; (b) the amount owed, (c) and the status of the claim;

- referral of the matter to a collection agency;

- referral of the matter to the Attorney General of the United States for collection, which could involve legal proceedings in the federal district court, as provided by Section 6(e) of the Commodity Exchange Act, 7 U.S.C. § 9a; and

- report the full amount of the unpaid debt, including all charges as described above, to the Internal Revenue service as income.

Page 3

It is in your best interest to immediately pay the amount owed. If you have any questions, do not hesitate to contact me at the above address.

                                  Sincerely,

                                  Marie Bateman for
                                  Commodity Futures Trading Commission
                                  Accountant



**U.S. COMMODITY FUTURES TRADING COMMISSION**
Three Lafayette Centre
1155 21st Street, NW, Washington, DC 20581
Telephone: (202) 418-5180
Facsimile: (202) 418-5529
www.cftc.gov

Office of Financial
Management

**CERTIFICATE OF INDEBTEDNESS**

Debtor's Name
and Address:

Dearborn Trading Inc. & Joel Bronstein
1434 N. Dearborn
Chicago, IL 60610

Total debt due United States as of July 2, 2012: $180,163.35

    I certify that the records of the U.S. Commodity Futures Trading Commission ("CFTC") show that Dearborn Trading Inc. ("Dearborn") and Joel Bronstein ("Bronstein") are indebted to the United States in the amount stated above.

    On August 25, 2011, the Commodity Futures Trading Commission ("CFTC") issued an Order Instituting Proceedings against Dearborn Trading Inc. and Joel Bronstein ("Order"). Pursuant to the Order, Dearborn and Bronstein are directed to pay jointly and severally a civil monetary penalty in the amount of $180,000 plus post-judgment interest. Because Dearborn and Bronstein did not respond to the CFTC's requests for payment of the civil monetary penalty, the CFTC referred the matter to the Department of Treasury ("DOT") for collection efforts. DOT was unsuccessful in its collection efforts.

    Dearborn and Bronstein have not paid any portion of the civil monetary penalty and have ignored all requests for payment. Accordingly, the CFTC is referring this matter to the Department of Justice for enforced collection and a current assessment on whether Dearborn and Bronstein have any assets to pay the civil monetary penalty.

    As of July 2, 2012, Dearborn and Bronstein are obligated to pay the United States a civil monetary penalty amounting to $180,163.35. This amount represents the principal judgment total of $180,000 and post judgment interest of $163.35.

**CERTIFICATION**: Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.

7-16-2012
(Date)

Mark Carney, Chief Financial Officer
Office of Financial Management

Exhibit C